UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH ALFRED LINVILLE, JR.,<br><br>                Petitioner,<br>     v.<br><br>STATE WASHINGTON,<br><br>                Respondent. | CASE NO. 3:24-CV-5357-KKE-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 9, 2024 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. On May 10, 2024, Petitioner Kenneth Alfred Linville, Jr. filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, challenging his 2015 Thurston County Superior Court judgment and sentence. Dkts. 1, 4-1. After review of the Court's records, the Court concludes this Petition is second or successive and recommends the Petition be dismissed without prejudice.

**I. Background**

In 2015, Petitioner was convicted in the Thurston County Superior Court of 137 offenses. Dkt. 4-1; *see Linville v. Jackson*, Case No. 3:22-cv-5241-JCC (W.D. Wash.) at Dkt. 18 ("*Linville*

*I*"). In 2022, Petitioner filed a habeas petition ("First Petition") in this Court seeking relief from the 2015 state judgment and sentence. *See Linville I*, 3:22-cv-5241-JCC. In the First Petition, Petitioner raised one ground for relief. *Id*. He alleged the Washington State Court of Appeal decision conflicted with Federal law related to a claim of ineffective assistance of counsel. *Id*. Petitioner stated he presented copies of emails acquired after his direct appeal that demonstrated why his counsel failed to object to the improper joinder of offenses. *See id*. The court found Petitioner's First Petition was procedurally barred, and the First Petition was denied with prejudice. *Id*. at Dkts. 18 and 23.

Petitioner now files this Petition ("Second Petition") alleging the same claim related to ineffective assistance of counsel where the email correspondence showed his counsel did not move for mandatory severance of his offenses. Dkt. 4-1.

**II. Discussion**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 Fed. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). "[A] denial [of the first petition] on the grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive'[.]"*Henderson v. Lampert*,

396 F.3d 1049, 1053 (9th Cir. 2005) (internal citations omitted); *McNabb*, 576 F.3d at 1029. The Ninth Circuit also states "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." *McNabb*, 576 F.3d at 1029.

Petitioner filed his First Petition challenging the same 2015 Thurston County judgment and sentence challenged in the Second Petition. The court denied the First Petition "on the merits," as the ground for relief was procedurally defaulted. *See Linville I*, 3:22-cv-5241-JCC. Further, in the Second Petition, Petitioner raises the same ground as alleged in the First Petition – email correspondence shows his counsel was ineffective when he failed to move to sever the offenses. Dkts. 1-1; 4-1. As this claim was raised in the First Petition, the claim was adjudicated on the merits in the First Petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (finding a claim was "second or successive" when the petitioner was aware of the factual predicate of the claim and could have raised the claim in his first petition).

As Petitioner's First Petition was denied "on the merits" and as Petitioner raised the claim for relief in this case in the First Petition, the Second Petition is "second or successive."

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). A district court lacks jurisdiction to consider a second or successive petition in the absence of an order from the Ninth Circuit authorizing the district court to consider the petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Here, there is no evidence Petitioner has received an order from the Ninth Circuit authorizing this Court to consider the Second Petition. Thus, the Court lacks jurisdiction to

REPORT AND RECOMMENDATION - 3

consider the Second Petition and it should be dismissed without prejudice. *See Magwood*, 561 U.S. at 331; *Cooper*, 274 F.3d at 1274.

### III.     Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the Second Petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to the Second Petition.

### IV.     Conclusion

For the above stated reasons, the Court recommends the Second Petition (Dkt. 4-1) be dismissed without prejudice and the certificate of appealability be denied. As the Court finds this case is successive, the Court recommends the Application to Proceed *In Forma Pauperis* (Dkt. 4) be denied.

If Petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C.

§ 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on July 9, 2024, as noted in the caption.

Dated this 18th day of June, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5